# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | CASE NO. 1:10-cv-00599-OWW-GBC PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION FOR JOINDER OF PARTIES |
| v. | |
| DR. L. DILEO, et al., | (Doc. 10 ) |
| Defendants. | ORDER STRIKING PLAINTIFF'S AFFIDAVIT AND MEMORANDUM OF LAW |
| | (Doc. 12) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF FAMILIARITY, MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR AN ORDER COMPELLING DISCOVERY, AND MOTION FOR JOINDER OF PARTIES |
| | (Doc. 13) |

## I. Introduction

Plaintiff Reverend Beck ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on April 7, 2010. On April 26, 2010, as a matter of right, Plaintiff filed an amended complaint that is currently pending screening.[1] Fed. R. Civ. Proc. 15(a)(1). On August 6, 2010, Plaintiff filed

---

[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner

1

a motion for recusal of the undersigned and to add parties to the action, including the undersigned. (Doc. 10.) On September 20, 2010, Plaintiff filed an affidavit and memorandum of law in support of his complaint. (Doc. 12.) On October 20, 2010, Plaintiff filed a motion for certificate of familiarity, motion for appointment of counsel, motion for order compelling discovery, and motion for joinder of parties. (Doc. 13.)

## II.     Motion for Recusal

Plaintiff seeks recusal of the undersigned due to his adverse ruling in a prior case that is being appealed to the Ninth Circuit. (Doc. 10, p. 3.) Plaintiff's allegation that the undersigned has first hand knowledge that Plaintiff's rights are being violated and refuses to act, merely restates the prior argument that Plaintiff received an adverse ruling in a prior case. (Id. at 3.)

A judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). The standard for recusal "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Taylor v. Regents of University of California, 993 F.2d 710, 712 (9th Cir. 1993); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983). The alleged prejudice must stem from an extra judicial source, prior rulings made by a judge are not sufficient cause for recusal. United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010); Studley, 783 F.2d at 939; Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff motion is based on his disagreement with prior rulings made by the Court and is not a legitimate ground for seeking for recusal. Johnson, 610 F.3d at 1147. The motion for recusal is denied, with prejudice.

## III.     Motions for Joinder of Parties

Plaintiff's motions for joinder of parties is denied. Since Plaintiff has already amended his complaint as a matter of right, he will need to seek leave of the Court to file an amended complaint to add additional parties or claims. Fed. R. Civ. P. 15(a)(2). Further, Plaintiff is not precluded from

---

civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts.

initiating a new action if he wishes to raise new, unrelated claims. Fed. R. Civ. P. 18(a).

## IV.   Motion for Certificate of Familiarity

Plaintiff seeks a certificate of familiarity pursuant to Rule 63 of the Federal Rules of Civil Procedure. However, Rule 63 states "[i]f a judge conducting a trial or hearing is unable to proceed, any other judge may proceed upon certifying familiarity with the record . . . ." Fed. R. Civ. P. 63. Since this action is at the screening stage, a certificate of familiarity is not necessary and Plaintiff's motion is denied.

## V.   Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

## VI.   Motion for an Order Compelling Discovery

The discovery phase of this litigation is not yet open. Plaintiff is directed to paragraph eight of the Court's First Informational Order, filed April 7, 2010. In that order, Plaintiff was specifically informed that he may not conduct discovery until Defendants file an answer[2] and the Court issues the discovery order. Accordingly, Defendants are under no obligation to respond to Plaintiff's discovery requests at this juncture.

---

[2] Defendants have not yet been served as the action is still pending screening by the Magistrate Judge.

VII. **Plaintiff's Affidavit and Memorandum of Law**

Plaintiff has filed additional documents to be considered as part of his complaint. A pleading must be "complete in itself without reference to the prior or superceded pleading. Local Rule 220. Plaintiff did not receive approval from the Court to file additional documentation to supplement his complaint. Therefore, Plaintiff's affidavit and memorandum of law shall be stricken from the record.

VIII. **Conclusion and Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for recusal and motion for joinder of parties, filed August 6, 2010, are DENIED;

2. Plaintiff's motion for certificate of familiarity, motion for appointment of counsel, motion for an order compelling discovery, and motion for joinder, filed October 20, 2010, are DENIED; and

3. Plaintiff's affidavit and memorandum of law is STRICKEN FROM THE RECORD.

IT IS SO ORDERED.

Dated:   November 23, 2010             /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

4